```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MIGUEL A. OJEDA,              :
                              :
        Plaintiff,            :CIVIL ACTION NO. 3:03-CV-1909
                              :
        v.                    :
                              :(JUDGE CONABOY)
JO ANN B. BARNHART,           :
Commissioner of Social        :
Security,                     :
                              :
        Defendant.            :
```
_____

**MEMORANDUM AND ORDER**

Here we consider Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act, 28-USCS § 2412.  (Doc. 27-1.)  Plaintiff seeks attorney fees and a cost of living increase, (Doc. 25-1), in connection with his Social Security case which this Court remanded to the Commissioner on March 28, 2005, (Doc. 22).

Defendant does not challenge Plaintiff's entitlement to attorney fees or the proposed hourly rate of $149.00 per hour. (Doc. 28.)  Rather, Defendant argues the hours claimed by Plaintiff's counsel should be reduced because they are unreasonable in several respects.  (Id. at 2.)

This matter has been fully briefed and, therefore, is ripe for disposition.  For the reasons discussed below, we modify Plaintiff's Application for fees, (Doc. 27), and grant Plaintiff's Motion for a cost of living increase in the hourly rate, (Doc. 25).

1

## I. Discussion

Plaintiff seeks reimbursement for attorney fees in the amount of $3,561.10. (Doc. 27-3 at 3.) This figure represents 23.9 hours at $149.00 per hour. (Id.)

A District Court determines the appropriate amount of attorney fees by calculating the "lodestar amount." Hensley v. Eckerhart, 461 U.S. 424 (1983). The lodestar is reached by multiplying the reasonable number of hours worked by a reasonable hourly rate. Id. at 433; Maledonado v. Houston, 256 F.3d 181, 184 (3d Cir. 2001). "In calculating the number of hours reasonably expended, a court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." Maldonado, 256 F.3d at 184 (internal quotation omitted). The party seeking attorney fees has the burden of proving that its request is reasonable. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party opposing the fees must object with sufficient specificity to give the opposing party notice of its objections. Id.

Here Defendant identifies five areas where she finds Plaintiff's fees unreasonable: 1) receipt and review of the Appeals Council decision; 2) preparing and filing Plaintiff's Complaint; 3) preparing and filing a request for an extension of time to file

objections to the Magistrate Judge's Report and Recommendation; 4) preparing and filing Plaintiff's objections; and 5) preparing and filing Plaintiff's brief in support of the objections to the Report and Recommendation.  (Doc. 28.)

*1.  Appeals Council Decision*

We conclude the amount of time billed for receipt and review of the Appeals Council's decision (.4 hour) is reasonable. Defendant argues that this time is excessive given Plaintiff's counsel's years of experience and .2 hour would be more reasonable. (Doc. 28 at 2-3.)  Plaintiff explains the time allotted by identifying the activities involved in this billing entry: "open the mail, docket it in the claim file, enter the appropriate limitation of action, date and then review the document for error." (Doc.  29 at 1-2.)

We find Plaintiff's explanation satisfactory.  Therefore, we will not reduce the .4 hour billed in connection with the receipt and review of the Appeals Council decision.

*2.  Plaintiff's Complaint*

We conclude the amount of time billed to prepare and file the Complaint (1.1 hours) is reasonable.  Defendant argues that .5 hour would be reasonable given that Plaintiff's counsel should be able to prepare and file a five-paragraph boiler plate complaint like this "in minutes" and the time saving brought about by electronic filing in.  (Doc. 28 at 3.)  Plaintiff asserts that this billing

3

entry includes the time spent on docket entry, preparation and review.  (Doc. 29 at 2.)  Plaintiff also notes that his office was not on the electronic filing system when the Complaint was filed. (Id.)

We find Plaintiff's explanation satisfactory, particularly in light of the fact that the time savings asserted by Defendant was not realized in this case.  Therefore, we will not reduce the 1.1 hours billed to prepare and file Plaintiff's Complaint.

*3. Motion for Extension of Time*

We conclude the .5 hour billed to prepare and file an extension of time regarding objections to the Magistrate Judge's Report and Recommendation and the .2 hour billed for review of the Court's Order granting the extension are not reasonable.  In support of her argument that Plaintiff should not be reimbursed for this time, Defendant quotes Bowman v. Secretary of H.H.S., 744 F. Supp. 898 (E.D. Ark. 1989): "It is hard to see why counsel should be paid $75.00 for obtaining an extension of time which was entirely for counsel's convenience."  (Doc. 28 at 4.)  Plaintiff asserts that the extension was necessary due to his volume of cases and the ten day response period allowed to file objections to the Magistrate Judge's Report and Recommendation.  (Doc. 29 at 2.)

In Bowman, the stated reason for the extension of time was "counsel's press of business in other matters."  Bowman, 744 F. Supp. at 900.  Like the Bowman court, we conclude that Plaintiff's

4

counsel's reason for the extension is something of his own doing and he should not be reimbursed for the management of his time which caused an additional expense to be incurred.  Therefore, we will reduce his bill by the .7 hour billed in connection with the motion for extension of time and modify Plaintiff's Application accordingly.

### *4.   Report and Recommendation Objections*

We conclude the time billed to prepare and file objections to the Report and Recommendation (1.1 hours) is reasonable.  Defendant maintains that the four-paragraph document basically restates the same ideas in the Issues section of the original brief and .7 hour would be more reasonable.  (Doc. 28 at 4.)  Plaintiff asserts that the time billed is reasonable in that counsel had to ascertain whether the issues raised in the original brief were addressed by the Magistrate Judge.  (Doc. 29 at 2.)

We find Plaintiff's explanation satisfactory, and further note that the objections do not simply restate the Issues section of the initial brief.  (See Doc. 12 at 3-4; Doc. 15 at 1-2.)  Therefore, we will not reduce the time billed to prepare and file objections to the Report and Recommendation.

### *5.   Brief in Support of Objections*

Finally, we conclude the time billed to prepare and file Plaintiff's brief in support of the objections (5.2 hours) is reasonable.  Defendant asserts that the six-page brief essentially

restates Plaintiff's original brief and 3 hours would be more reasonable. (Doc. 28 at 4.)  Plaintiff responds that the brief supporting the objections "cannot simply restate the issues and arguments raised in the brief but must address the Report and Recommendation rather than the original decision." (Doc. 29 at 3.)

Plaintiff's explanation of the difference between the two documents is accurate and explains the 5.2 hours charged.  Due to the procedure followed in Social Security appeals in general and, in particular, the necessary similarity of original appeal briefs and briefs in support of objections, the similarity noted by Defendant does not present a basis for the suggested reduction of hours.  Therefore, we will not reduce the time billed in connection with the preparation and filing of Plaintiff's motion in support of his objections to the Report and Recommendation.

## **II. Conclusion**

For the reasons discussed above, we conclude that Plaintiff's request for attorney fees should be reduced by .7 hour, the amount billed in connection with his Motion for Extension of Time. Therefore, we will reduce the number of hours from 23.9 to 23.2.

Reimbursing at the rate of $149.00 per hour, Plaintiff will be awarded fees in the amount of $3,456.80 rather than the $3,561.10 requested.  An appropriate Order follows.

                                                                           _____
                                                                           RICHARD P. CONABOY
                                                                           United States District Judge

DATED: _____

```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MIGUEL A. OJEDA,            :
                            :
         Plaintiff,         :CIVIL ACTION NO. 3:03-CV-1909
                            :
         v.                 :
                            :(JUDGE CONABOY)
JO ANN B. BARNHART,         :
Commissioner of Social      :
Security,                   :
                            :
         Defendant.         :
```

## ORDER

**AND NOW, THIS 6th DAY OF JUNE 2005, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion requesting a cost of living increase to $149.00 per hour, (Doc. 25), is GRANTED;

2. Plaintiff's Application for Attorney Fees, (Doc. 27-1), is MODIFIED as to the amount of the award and GRANTED for a total of 23.2 hours compensated at $149.00 per hour for a total fee award of $3,456.80;

3. The Clerk of Court is to mark the docket.

                                               Richard P. Conaboy
                                               RICHARD P. CONABOY
                                               United States District Court